IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOMINGO COLON MONTAÑEZ, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| HARRY EDWARD WILSON, et al., | : | NO. 07-1200 |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                    August  30, 2007

Before the Court for Report and Recommendation is the *pro se* petition of Domingo Colón Montañez[1] (alternatively "Colón Montañez" or "Petitioner") for the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is currently incarcerated at the State Correctional Institute Fayette in Labelle, Pennsylvania.[2]  For the reasons set forth below, we find that the petition is untimely and recommend that it be dismissed.[3]

_____

[1] Petitioner is referred to as "Domingo Colon-Montanez" in state court proceedings.  He did not hyphenate his last names in his filings in this Court.  We refer to him here using what appears to be his complete surname and employ the accent mark and tilde he uses in his signature and in his hand-written references to his name.

[2] While Petitioner is not currently a resident of the Eastern District of Pennsylvania, venue here is proper in that his current incarceration arises from a conviction in the Berks County Court of Common Pleas.

[3] In preparing this Report and Recommendation, we reviewed the following documents filed in this Court: Petitioner's form Petition for Writ of Habeas Corpus ("Pet.") and his Memorandum in Support of the Petition for a Writ of Habeas Corpus ("Pet'r Mem.") (Doc. No. 1); Respondents' Answer to the Petition for Writ of Habeas Corpus ("Ans.") (Doc. No. 5); Respondents' Appendix to Answer to Petition for Writ of Habeas Corpus ("Resp't Appx.") (Doc. No. 6); Petitioner's Reply Against the Answer of Respondents ("Pet'r Reply") (Doc. No. 7); and Petitioner's Petition to Expedite the Report and Recommendation ("Pet. to Exped.") (Doc. No. 9).  Additionally, as necessary, we reviewed the copy of the state court record provided to us by

1

## I.     PROCEDURAL BACKGROUND

On November 17, 1999, Petitioner was convicted in the Berks County Court of Common Pleas on one count each of rape, indecent assault, sexual assault, and simple assault.  (Pet. at 4; Pet'r Mem. at 5.)  He was sentenced on January 7, 2000 to a term of imprisonment of 5 1/2 to 20 years, with credit for some time already served.  (Pet'r Mem. at 6; Resp't Appx. at 58a-59a.)  Petitioner, represented by new counsel, appealed the conviction to the Pennsylvania Superior Court, asserting that the conviction was against the weight of the evidence.  (Pet'r Mem. at 7.)  The Superior Court affirmed Petitioner's sentence in a memorandum opinion on December 13, 2000 and permitted counsel to withdraw.  *Commonwealth v. Colon-Montanez*, 769 A.2d 1201 (Pa. Super. Ct. 2000) (table).  (*See also* Resp't Appx. at 114a-120a.)  Petitioner's application for reargument was denied on January 30, 2001.  (Resp't Appx. at 122a.)  Petitioner did not appeal this decision to the Pennsylvania Supreme Court.  (Pet. at 5.)  On March 9, 2001, he filed a "Petition for Writ of Mandamus and/or Extraordinary Relief" in the Court of Common Pleas, which was denied on March 12, 2001.  (Pet'r Mem. at 9.)

Colón Montañez filed his first petition under the Pennsylvania Post-Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541-46 ("PCRA"), on March 20, 2001.[4]  (Pet'r Mem. at 9; Resp't Appx. at 124a-30a.)  In his petition, he argued that the trial judge, the Honorable Stephen B. Lieberman, Jr.,

_____

the Office of Judicial Support of the Berks County Court of Common Pleas.

[4] Despite the state court docket sheet's indication that the PCRA petition was received for filing on March 26, 2001, pursuant to the prison mailbox rule in PCRA cases, Pennsylvania courts construe the filing date as the date Petitioner hand-delivered the petition to prison officials for mailing.  *See Commonwealth v. Castro*, 766 A.2d 1283 (Pa. Super. Ct. 2001).  Colón Montañez dated the first page of his PCRA petition March 20, 2001 (Resp. Appx. at 124a), and, for these purposes, we accept this as the date his first PCRA action commenced.

was "very, very parcial [sic], unjust, unfair, prejudice [sic] and did NOT protect the defendant's constitutional rights on [sic] a criminal prosecution trial." (Resp't Appx. at 126a.)  He further claimed "[t]hat the weight of the evidence is against the verdict[,] [i]neffective assistance of counsel failed [sic] to defend me," and that "the Pa. Const. Art. 1 § 14 rights of accused in criminal prosecution was violated at trial."  (*Id.*)  Petitioner also mentioned that his "6 Amendment Const Right confrontation clause [sic]" and "14 Amendment Const [sic] Right having a fair trial in America was violated [sic], and much, much, much more." (*Id.*)  Judge Lieberman, to whom the petition was assigned, appointed counsel and gave leave for counsel to file an amended petition. (Resp't Appx. at 131a.)  Appointed counsel, however, filed a *Finley*[5] petition to withdraw.  (Pet'r Mem. at 10; Resp't Appx. at 133a-134a.)  The court granted the petition to withdraw on August 1, 2001 and filed a notice of intent to dismiss the PCRA petition without a hearing.  (Pet'r Mem. at 10; Resp't Appx. at 132a, 143a-147a.)  The court did not receive a response from Colón Montañez within the time period permitted and Judge Lieberman promptly dismissed the PCRA petition on August 22, 2001.  (Resp't Appx. at 148a.)  Although he was filing other documents with the court during this time period,[6] Petitioner did not appeal that decision to the Superior Court or otherwise

---

[5] *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988) (allowing an attorney to petition the court for permission to withdraw, pending court's approval, from a post-conviction proceeding that he or she finds to lack merit).

[6] *E.g.,* a "Petition For Order Extended [sic] Time to File a Well Pleaded PCRA Amended Brief Arguing My Eligibility for My Relief According to Law," a "Petition for an Order for District Attorney's Complete Discovery," a "Letter to the Clerk of Court Requesting Complete Docket Sheet Criminal Division and Any Other Event on the Record," a "Petition for Transcript," a "Petition for Order Mandating Clerk of Court or Court Reporter to Transcribe Notes of Testimony," and a "Petition to Proceed in Forma Pauperis."  These documents were dated August 9, 2001, although one document was notarized on August 13, 2001.  They were received for filing on August 21, 2001 and denied by Orders dated August 23, 2001.

make a challenge to Judge Lieberman's determination on his PCRA petition.  (Pet. at 6, 8.)

Nearly one year later, on or about August 14, 2002,[7] Petitioner filed a second PCRA petition, which was dismissed as untimely on October 4, 2002.  (Resp't Appx. at 150a-157a, 260a.)  His appeal of the dismissal of his PCRA petition was consolidated with a number of other petitions and document requests on ancillary issues.  (Resp't Appx. at 270a-271a.)  The Superior Court affirmed the dismissal of the second PCRA petition in an opinion dated September 22, 2003 and denied Petitioner's request for reargument on December 5, 2003.  (Resp't Appx. at 329a-334a, 335a.)  Colón Montañez also petitioned for reimbursement for the copies of court transcripts he purchased, which he claims were tampered with.  According to Petitioner, he took appeals on that issue to the Pennsylvania Supreme Court, which denied allocatur on March 21, 2006.  (Pet. at 7-reverse.)  He filed this application for a federal writ of habeas corpus on March 20, 2007.[8]  (Pet. at 12.)

Colón Montañez asserts the following claims in his habeas corpus petition: (1) he is innocent and his incarceration constitutes cruel and unusual punishment in violation of the Eighth Amendment (Pet. at 9); (2) "the weight of the false, fabricated, deceitful evidences [sic] is against the null and void verdict" and he was convicted through evidence obtained through an unconstitutional search and an unlawful arrest (Pet. at 8-9); (3) he received an unfair trial in which

---

[7] The petition was received for filing by the Clerk of Courts of Berks County on August 21, 2001.  Petitioner indicates he completed the brief accompanying the petition on August 14, 2002 and that it was being transmitted by certified mail.  (*See, e.g.,* Resp't Appx. at 155a, 219a.  *See also* Pet. at 6.)

[8] Pursuant to the federal prison mailbox rule, *see Burns v. Morton*, 134 F.3d 109 (3d Cir. 1998), we construe the filing date of a submission of a *pro se* inmate as the date the prisoner hand-delivered the petition to prison officials for mailing to the court.  Colón Montañez's signature at the end of the petition indicates a date of March 20, 2007.  For these purposes, we accept this as the date his habeas action was initiated.

the judge was biased and partial (Pet. at 9); (4) he was subjected to prosecutorial misconduct (Pet. at 9); (5) his conviction was obtained as a result of a *Brady* violation (Pet. at 8-9); (6) he was denied the effective assistance of counsel; (7) his sentence of imprisonment in addition to fines, costs, and restitution was illegal (Pet. at 9); (8) the transcripts of his proceedings were "tampered, bogus, [and] not legally certified" (Pet. at 9); and (9) "racism, discrimination, miscarriage of justice" (Pet. at 9). Respondents assert in their answer, *inter alia*, that Colón Montañez's petition is time-barred and should be dismissed. (Ans. at 3). For the reasons set out within, we agree with Respondents.[9]

## II.   DISCUSSION

### A.   Commencement of the Limitation Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitations for filing of an application of a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable

---

[9] Because we find that Colón Montañez's federal habeas corpus petition is not timely filed, we will not address the substance of the claims included in his petition and accompanying memorandum.

to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.

We first consider the start date implicated by Section 2244(d)(1)(A). Petitioner received a ruling from the Pennsylvania Superior Court on his direct appeal on December 13, 2000. He sought to have that appeal re-heard by the Superior Court but did not seek further review of that court's decision of January 30, 2001 denying his request for reargument or reconsideration. As a result, his conviction became final on March 1, 2001, at the conclusion of the 30-day period within which he could have sought review in the Pennsylvania Supreme Court. *See* Pa. R. App. P. 1113(a). For purposes of Section 2244(d)(1)(A), therefore, the statute of limitations for filing a federal habeas corpus petition relating to that conviction began to run on March 2, 2001.

We next consider whether anything in Colón Montañez's petition or the facts alleged indicate that he was prevented from filing his petition by state action that was subsequently removed, which might provide for a later limitations period start date pursuant to Section 2244(d)(1)(B). In the memorandum supporting his petition for habeas corpus, Colón Montañez repeatedly claims that he was the victim of a racist conspiracy by the Pennsylvania court system, including his trial and appellate judges, the four lawyers who represented him from the time of his arraignment through his PCRA filings, the Berks County District Attorney's Office, and the jury that convicted him. (Pet'r Mem., *passim*.) He also suggests that he was prevented from appealing the August 22, 2001 dismissal of his first PCRA petition during the time he was placed in the Restricted Housing Unit ("RHU") at SCI Pittsburgh, where he allegedly did not have access to his legal papers in his cell and

6

had an inadequate allowance of time in the prison law library. (Pet. at 8.)[10]

The record does not support the proposition that any state-created impediment prevented the timely filing of a habeas corpus petition in this Court following his conviction becoming final and the conclusion of his initial PCRA proceedings in 2001. We note that Colón Montañez mailed six documents to the state court on or about August 9, 2001, eight days after the court filed its notice of intent to dismiss his first PCRA petition. In addition, he did not raise an issue as to his "lockdown" confinement at SCI Pittsburgh affecting his ability to file documents in state or federal court until now. As these two factors demonstrate that Colón Montañez was not "prevented from" filing the instant habeas corpus petition "by State action in violation of the Constitution or laws of the United States," he is not entitled to a later limitations period state date under Section 2244(d)(1)(B).

Section 2244(d)(1)(C) provides for a later limitations period start date when there is a decision by the Supreme Court of the United States that has altered the foundations of a petitioner's conviction. In the present case, Petitioner has not suggested that any new constitutional right was recognized by the Supreme Court that would invalidate his conviction. We are also unable to discern any such constitutional right having been recognized and therefore find that a later limitations period start date is not implicated by this section.

Finally, we consider Section 2244(d)(1)(D), which looks to situations where the factual predicate of a claim was not discoverable until after the conviction became final. In the present

---

[10] In the materials included in his state court record, Colón Montañez did not address any difficulties in accessing legal sources or writing materials, and in fact he does not appear to have raised this issue until the instant habeas petition. *See* Mem. Op. of J. Lieberman, 1/9/03, at 3-4, quoting letter dated 9/3/01 received from Petitioner by Clerk of Court stating Petitioner's intent not to appeal PCRA dismissal to Superior Court but rather to "go[] straight to the United States District Federal Court." (Resp't Appx. at 265a-266a.) *See also* Pet. at 8 ("I also told the Clerk that I was going to take my case to the federal court.").

habeas corpus claim, Petitioner points to no new facts supporting his claims for relief but rather reiterates his disagreement with the jury's verdict, as affirmed on appeal, and re-asserts that he is the victim of a racist conspiracy.  Therefore, this section also does not affect our analysis.

We conclude that the one-year AEDPA limitations period in this case commenced on March 2, 2001 pursuant to Section 2244(d)(1)(A) and that Colón Montañez's petition is untimely unless he can demonstrate that he is entitled to the benefit of sufficient statutory or equitable tolling.

**B.    Statutory Tolling**

We next examine Colón Montañez's petition to determine whether the statute entitles him to the benefit of tolling of the AEDPA limitations period.  Section 2244(d)(2) provides for tolling of the one-year limitations period under the AEDPA for the period of time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

Colón Montañez filed his first petition under the PCRA on March 20, 2001.[11]  At that point, 18 days of the AEDPA limitations period had elapsed.  The federal habeas limitations period was tolled during the pendency of this first PCRA petition.  That petition was dismissed on August 22, 2001 and the time period within which Colón Montañez could have filed an appeal of that dismissal concluded 30 days later, on September 21, 2001.  Thus, we conclude that Petitioner had a properly

---

[11] We note that Colón Montañez also filed a mandamus petition in the Court of Common Pleas on March 9, 2001 that was denied on March 12, 2001.  The mandamus petition did not toll the statute of limitations for Petitioner's federal habeas corpus claim.  Under Pennsylvania law, a PCRA petition is "the sole means for obtaining collateral relief and encompasses all other common law and statutory remedies that exist for the same purpose . . . ."  42 Pa. Cons. Stat. § 9542.  *See also Holmes v. Vaughn*, Civ. A. No. 01-2565, 2003 WL 23112383, *3 n.7 (E.D. Pa. Nov. 25, 2003), *approved and adopted*, 2003 WL 23112386 (E.D. Pa. Dec. 23, 2003) (declining to find that mandamus petition was a "properly filed application for State post-conviction or other collateral relief" as required by Section 2244(d)(2) to toll the AEDPA limitations period).

filed petition for state collateral relief "pending" within the meaning of Section 2244(d)(2) from March 20, 2001 until September 21, 2001 and that this period of time is excluded from the calculation of the statute of limitations as to his federal habeas corpus petition.[12]

As a result of the conclusion of his PCRA proceedings on September 21, 2001, the statute of limitations as to Colón Montañez's federal habeas corpus petition recommenced on September 22, 2001, with 347 days remaining in the one-year period. During this time, on or about August 14, 2002, Colón Montañez filed his second PCRA petition. That petition, however, was dismissed on October 4, 2002 as untimely and therefore cannot act to once again toll the limitations period as to Petitioner's federal habeas corpus claims.[13] *See* 28 U.S.C. § 2244(d)(2) (limiting statutory tolling to the period "during which a *properly filed* petition for state post-conviction or other collateral review" is pending) (emphasis added); *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (holding that

---

[12] Courts in the Third Circuit have found a PCRA petition to be pending until "the date on which the time for appealing the . . . denial of [the] PCRA petition [has] expired." *See Cotto v. Price*, Civ. A. No. 98-6479, 1999 WL 601129, *3 (E.D. Pa. Aug. 10, 1999). *See also Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000) (concluding that the term "'pending' must include the time during which an appeal could be filed even if the appeal is not eventually filed.").

[13] The PCRA does not allow statutory tolling during the pendency of a petitioner's first PCRA claim, providing that: "Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final . . . ." 42 Pa. Cons. Stat. § 9545(b)(1). Under the PCRA, the "limitations are mandatory and interpreted literally; thus a court has no authority to extend filing periods except as the statute permits." *See Commonwealth v. Davis*, 816 A.2d 1129, 1135 (Pa. Super. Ct. 2003). The statute provides three exceptions, none of which deal with the filing of a second or successive PCRA petition. "If the subsequent petition is not filed within one year of the date when the judgment became final, then the petitioner must plead and prove that one of the three exceptions to the bar under 42 Pa. C.S.A. § 9545(b)(1) applies." *See Davis*, 816 A.2d at 1134 (quoting *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000)). Both the Memorandum Opinion of the PCRA court (Resp't Appx. at 267a) and that of the Superior Court found that Petitioner failed to satisfy these exceptions. (Resp't Appx. at 332a). We see no reason to question the judgment of the Pennsylvania courts on this issue of state law.

PCRA petition rejected by state court as untimely is not "properly filed" for purposes of Section 2244(d)(2) and does not toll the AEDPA statute of limitations).

The period during which Colón Montañez was permitted to file a petition for federal habeas corpus relief expired on or about September 4, 2002.  His petition in this matter, filed on March 20, 2007, is thus untimely under Section 2244(d) and must be dismissed unless he can demonstrate circumstances in his case that warrant the application of sufficient equitable tolling of the statutory limitations period.

### C.    Equitable Tolling

The Third Circuit has found that "equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair." *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616 (3d Cir. 1998).  It has identified in various cases sets of circumstances in which equitable tolling may be proper: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum; or (4) if the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. *See Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1998) (surveying cases).

Colón Montañez has not alleged any facts suggesting that his case falls within any of the circumstances identified in the case law.  We have considered whether his time in solitary confinement at SCI Pittsburgh prevented him, in an extraordinary way, from further pursuing his PCRA action or meeting the September 4, 2002 deadline to initiate federal habeas corpus proceedings.  We find that his solitary confinement and alleged restricted access to legal materials

for some period of time fails to rise to the level of extraordinary circumstances preventing Petitioner from asserting his rights in a timely manner, particularly in light of the fact that these circumstances did not prevent him from completing various other filings in state court in this time period and initiating a separate PCRA action as late as August 14, 2002, just a few weeks before the expiration of the AEDPA limitations period. *See also Garrick v. Vaughn*, Civ. A. No. 00-4845, 2003 WL 22331774, *4 (E.D. Pa. Sept. 5, 2003) ("Routine aspects of prison life such as lockdowns, lack of access to legal resources, and disturbances must be taken into consideration by a prisoner in deciding when to file a federal petition, because these do not constitute extraordinary circumstances sufficient to equitably toll the statute of limitations.") (internal quotation omitted).

Furthermore, for equitable tolling to apply in a federal habeas corpus action, "the petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims." *Miller*, 145 F.3d at 618-19. While Petitioner appears to have occupied himself over much of the past five years with various petitions in the state court, some of which overlap to some degree with complaints raised in this petition (e.g., alleged tampering of transcripts), the last proceeding in state court bearing any possible relation to any of the claims asserted in this petition — putting aside for now the question of whether they are even cognizable on federal habeas corpus review — concluded on March 21, 2006. (Pet. at 7-reverse.) Petitioner's failure to institute federal habeas corpus proceedings until March 20, 2007 demonstrates a lack of diligence. *See Pace*, 544 U.S. at 419 (finding, *inter alia*, that "sitting on rights" for 5 months after conclusion of PCRA proceedings before seeking federal court relief failed to satisfy diligence requirement).

Colón Montañez has, throughout his trial and subsequent proceedings, claimed that his rights were violated by a sprawling racist conspiracy orchestrated by the trial court judge and involving the

prosecutor and his own trial counsel.  The accusations of racism appear to have spread to every attorney who represented him, every witness at his trial, every clerk involved in handling court business, and every appellate judge involved in any aspect of his case.  We believe Petitioner has confused an unfavorable outcome based on the jury's factual determination with a malicious intent to deprive him of his rights.  At each phase of his case and with each filing, the assertions Colón Montañez makes have received their due consideration.  There have been no assertions of any extraordinary circumstance that would warrant equitable tolling in Petitioner's case.  Disagreement with the jury's conclusion does not represent a procedural defect, and Colón Montañez was provided a chance to present this claim on direct appeal and collateral review.  As he has not demonstrated that his failure to present his claims to this Court in a timely manner was due to extraordinary circumstances or that equitable tolling of the limitations period would otherwise be in the interests of justice, we must conclude that consideration of the merits of his petition is not warranted, as the requested relief is prohibited by the statute.

## III.   <u>CONCLUSION</u>

The statute of limitations for bringing the claims raised in this petition expired years before Colón Montañez's March 20, 2007 filing.  Colón Montañez failed to file his petition prior to the September 4, 2002 expiration of the statute of limitations and has not demonstrated that he is entitled to any equitable tolling of the limitations period as to render his petition timely.  For this reason, we are unable to recommend that he be granted the requested relief.

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district judge is required to make a determination as to whether a certificate of appealability ("COA") should be

issued.  In a case such as this, where we have found the petition is procedurally defective, a COA is not warranted unless the petitioner demonstrates that jurists of reason would find debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Slack*, 529 U.S. at 484.  For the reasons set forth above and in light of the clear authorities, we do not believe a reasonable jurist would conclude that the Court would be incorrect in dismissing the present petition. Accordingly, a COA should not issue.

Our Recommendation follows.

## RECOMMENDATION

**AND NOW** this        30th        day of August, 2007, it is respectfully **RECOMMENDED**

that, pursuant to 28 U.S.C. § 2244(d), the petition for a writ of habeas corpus be **DISMISSED**

**WITH PREJUDICE**.  It is **FURTHER RECOMMENDED** that a certificate of appealablity should

**NOT ISSUE** in that we do not believe that petitioner has made a substantial showing of the denial

of a constitutional right or that a reasonable jurist would debate the correctness of this ruling.  *See*

28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It is **FURTHER RECOMMENDED** that the Petition to Expedite the Report and

Recommendation be **DENIED AS MOOT**.

BY THE COURT:


/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE