HB

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Domingo Colón Montañez
Petitioner

Vs.

Civil Action No 2:07-cv-1200
Evidentiary Hearing
Demanded

FILED
2007
Clerk
By_____ Dep. Clerk

Harry Edward Wilson, ET AL.,
Respondents

## Petitioner's Written Objection Against the Report and Recommendation of THE Magistrate Judge, David R. Strawbridge

Before the Court is Petitioner's Petition for Writ of Habeas Corpus & Memorandum of Facts in Support of the Petition for a Writ of Habeas Corpus, (Doc. No. 1); Respondents' Answer to the Petition for Writ of Habeas Corpus (Doc. No. 5); Respondents' Appendix to Answer to Petition for Writ of Habeas Corpus, (Doc. No. 6); Petitioner's Reply Against the Answer of Respondents (Doc. No. 7); Petitioner's Petition to Expedite the Report and Recommendation, (Doc. No. 9); State Court Record received 6-1-2007 & (8-30-2007. Doc. No. 10); Magistrate Judge David R. Strawbridge's report and recommendation, (Doc. No. 11);

1.

Petitioner's Motion for reduction of Copies,(Doc.No.12);
Petitioner's Motion for enlargement of time,(Doc.No.13);
Petitioner's Motion for appointment of Counsel,(Doc.No.14);
Petitioner's Motion to Compel Production of documents
from Respondents, (Doc.No.17); and Notice of Appeal
Withdrawn, (Doc.No.18,).

   ANDNOW Comes, Domingo Colón Montañez, Prose
Petitioner, and respectfully request Judge Harvey Bartle
III, to reject the report and recommendation of Magistrate
judge David R. strawbridge, and receive further evidences
in this case. In Support of this Written Objections,
Petitioner asserts the following:
      Mr. Montañez has dispensed with Written Objections
for the Sake of Clarity.

I. <u>Procedural Background</u>

   See Petition at Pg. 4-7, and the back page of 7. Also see
Petitioner's Memorandum of facts at Pgs. 2-14,

   On February 5, 2001, Petitioner filed his first PCRA
Post Conviction Relief Act Motion and/or other Collateral
review Motion with respect to the pertinent judgment
or Claims, titled "Motion for a New Trial." See (Resp't
Appx. at 15a;(Pet'r Pet. at 5); (Pet'r Mem. at 8.) Petitioner
Mr. Montañez have been actively misled by Respondent;
                        2.

have been in a extraordinary way prevented from asserting my rights; and the judge Stephen B. Lieberman, Jr. has misled me into believing that I had done everything required of me.

Mr. Montañez contends that in my Pro se Petition for a Writ of Habeas Corpus, Pg. 5, I answered questioned No. 10, by stating that I had filed a motion for a New Trial on 2-5-01. In my memorandum of facts, Pg. 8 I wrote, "On february 5, 2001, Petitioner filed a Motion for a New Trial which the racist Judge denied."

Mr. Montañez asserts that I thought judge S.B. Lieberman, Jr. had denied the Motion. See Petition Pg. 10, where I answered No. 14, that I did not had a Petition or appeal now pending in any court, either State or federal, as to the judgement under attack.

Mr. Montañez asserts that I am entitle to Equitable Tolling pursuant to Miller v. New Jersey state Dept. of Corrections, 145 F. 3d 616, 617 (C.A. 3 (N.J.), "Time limitations analogous to a statute of limitation are subject to equitable modification such as tolling", see Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F. 3d 1380, 1387 (3d Cir. 1994), which "stops the running of the Statute of limitations in light of established equitable Considerations," see New Castle County v. Halliburton NUS Corp., 111 F. 3d 1116, 1125 (3d Cir. 1997). Mr. Montañez asserts that 28 U.S.C. § 2244(d)(1) is subject to equitable tolling. Id. at 618.

Mr. Montañez asserts that only in rare situation

3.

Where equitable tolling is demanded by sound legal principles as well as interest of justice should statute of limitations should be tolled. See Jones v. Morton, 195 F.3d 153,159 (C.A.3 (N.J.) 1999).

Mr. Montañez object to (R&R, Pg. 10) Where Hon. Strawbridge states, "Colón Montañez has not alleged any facts suggesting that his case falls within any of the circumstances identified in the case law."

Mr. Montañez assert that I am entitle to the benefit of tolling of the AEDPA limitation period. Section 2244(d)(2) provides for tolling of the one-year limitation period under the AEDPA for the period of time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." see 28 U.S.C. §2244(d)(2). Therefore Mr. Montañez objects to (R&R Pgs. 8-10), because my Motion for a New trial is still pending after 6 yrs and 8 months.

Mr. Montañez asserts that because judge Lieberman Jr. has not entered an order, denying my Motion for a New Trial, the motion has been pending since 02/05/2001. Therefore I have been in some extraordinary way been prevented from asserting my rights pursuant to the Confrontation Clause of the 6th Amendment and 14th Amendment of the United States Constitution. Therefore I object to the (R&R Pgs. 11-13.)

4.

Mr. Montanez contends that in the 2nd PCRA Motion I filed on March 20, 2001, I stated on Page 3, see (Resp't Appx. at 126a), that in the event my appeal is allowed as requested under #4, the following are the matters which I intended to assert on that appeal: My 6 Amendment Const right, Confrontation Clause was violated; My 14 Amendment Const right, Having a fair trial in America was violated, but the judge did not deny my motion for a new trial nor the Clerk of Court entered any documents stating that by operation of law, my Motion for a New trial is deem denied. Looking at the docket sheet (Resp't Appx. at 1a - 39a), I do not see an order or any document denying my Motion for a New Trial.

Mr. Montañez asserts that my memorandum of Facts in Support of my Pro se Petition for a Writ of Habeas Corpus Pgs. 2-71, asserts my right to confront face to face the witnesses testifying against me, and confront the evidences against me under the 6th Amendment Constitutional right pursuant to U.S.C.A. Const. Amends 6, 14. Therefore my Petition for a Writ of Habeas Corpus presents a Federal Question.

Mr. Montañez contends that in Hankins v. Fulcomer, 941 F.2d 246 (3rd Cir. 1991), The Court of Appeals, Scirica, circuit judge, held that state trial Court's failure to decide on a motion to withdraw guilty plea pending for over ten years excused requirement that state appeals

5.

procedures be exhausted prior to commencement of federal habeas corpus action. Id. at 246

Mr. Montañez contends that inordinate delay in state procedures is circumstance that can render state process ineffective to protect prisoners rights and therefore excuse exhaustion of state remedies as a prerequisite to availability of federal heabeas corpus relief. 28 U.S.C.A. §2254(b). Id. at 246, 250.

Mr. Montañez asserts that in United States ex rel. Geisler v. Walters, 510 F.2d 887, 893 (3rd Cir. 1975), (delay of three and a half years in disposition of motion for new trial constitutes inordinate delay). Id. at 250 n.6. Also, Id. at 887, 894, stating "Nevertheless, this delay in adjudicating the petitioner's rights is clearly inordinate and excessive: it centainly offends the limits to the sacrifices men must make upon the alter of comity." See United States exrel. Lusterino v. Dros (D.C.N.Y.), supra 260 F.Supp. (13) at 16., As the United States Supreme Court declared in Bartone v. United States, 375 U.S. 52, 54, 84 S.Ct. 21, 22, 11 L.Ed.2d 11 (1963), "Where state procedural snarls or obstacles preclude an effective state remedy against unconstitutional convictions, federal courts have no other choice but to grant relief in the collateral proceedings." Cf. Hunt v. Warden, Maryland Penitentiary, 335 F.2d 936, 940-941 (4th Cir. 1964). Id. at 894 (FN/2).

Mr. Montañez contends that the delay of 6yrs and

6.

8 months in ruling on my Motion for a New Trial is a clearly deprivation of due process and equal protection of the laws.

Mr. Montanez contends that the Supreme Court made clear in Brown v. Allen, 344 U.S. 443 at 447, 73 S. Ct. 397, 97 L.Ed. 469 (1953), that the exhaustion doctrine is not intended to give the states more than one full chance. See Developments in the Law--Federal Habeas Corpus, 83 Harv. L. Rev. 1038 at 1096 (1970)(footnote Omitted). Id. at 892, 894; see U.S. ex rel. Schultz v. Brierley, 449 F.2d 1286, 1287 (3d Cir. 1971); Osborn v. Russell, 434 F.2d 650, 651 (3d Cir. 1970). Id. at 894.

Mr. Montanez asserts that I am entitled to have my petition heard because of the provisions of 28 U.S.C. § 2254(b), which state that habeas is available if there exist circumstances rendering---(State Corrective) process ineffective.... Id. at 893.

Mr. Montanez objects to (R&R Pgs. 5-8) and contends that to apply The Antiterrorism Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), to my case would make the statute unconstitutional as violative of Suspension Clause, therefore it is necessary to determine if I could make showing of actual innocence before reaching Constitutional question of Whether Suspension Clause required exception to Statute of limitations for actual innocence. See Wyzykowski v. Department of Corrections, 226 F.3d 1213, 1214, 1218, 1219 (11th Cir. 2000).

7.

Mr. Montañez asserts that in Burkett V. Cunning-
ham, 826 F.2d 1208, 1218, 8 Fed. R. Serv. 3d 609 (3d Cir. 1987)(
states "We repeat that justice delayed is justice denied...
We fully appreciate the requirements of comity, but further
deference to the states courts.... Would constitute a
comity of errors, making a mockery of fundamental rights
that are guarantee to the guilty and innocent alike. Hence
we hold that the egregious ongoing delay····, amounting
to five and one-half years, as a matter of law excuses
exhaustion of state remedies concerning all federal
claims raised by [Petitioner]."); in a later proceeding,
Burkett V. Fulcomer, 951 F.2d 1431 (3d Cir. 1991)(2-1
decision), the court order the district court "to
grant the writ by reducing Burkett's sentence by
the 39 months of delay chargeable to the [state court]"
Id. at 1449.

Mr. Montañez object to the magistrate judge
agreeing with Respondents, and I demand that my
federal Petition for Writ of Habeas Corpus be address
the substance of all my claims for relief included
in my petition and accompanying memorandum
because my petition is timely. ☺ smile

Mr. Montañez strongly asserts that the Hon
Magistrate judge David R. Strawbridge recuse himself
from any further proceeding in my case because
he has demonstrated to me, that he is bias and
Partial. With this objection, I am filing a motion
8.

demanding him to respectfully recuse himself from any further proceedings in my case. He mentioned the Criminal Judge Lieberman, Jr., as Honorable, I guarantee you that If his son was in my Shoes and his son know what I know, he would not Call racist, evil, Criminal Lieberman Honorable, He is a disgrace to all Honorable Judges in Pennsylvania.

Mr. Montanez asserts that I bought the void Dire transcript, and it states that I was present during the selection of the jury when I was not in the Court room picking the jury with Mr. Adams. I could certainly prove where I was in the morning of November 15, 1999. *Tampering* with public record is a crime by state law and federal law. see, 18 U.S.C.S. §1001. Statements or entries generally! States (Whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully, (1) falsifies, conceals, or cover up by any trick, Scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation', or (3) makes or uses false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; Shall be fined under this title, imprisoned not more than 5 years. @ Jenny ANN LYNN and Judge Lieberman have committed a crime by Signing the transcript when I

9.

Was not in the court room when racist John T. Adams was picking the jury with the D.A. and the racist, Criminal Judge Lieberman, Jr. When all the corruption done to me in that racist courthouse comes to public ears, there would be a outcry by minority people living in Berks County, Reading PA. My question is, if they are doing it to me, I wonder how many other minority people that Court and its County officials have done it to?

Mr. Montañez objects to Respondents' Memorandum of law, page 3, and I assert: I do raise a federal question by challenging the weight of the false testimonial evidence presented at trial because I was convicted on perjure testimony, a bunch of lies. I asser, that in U.S. v. Norris, 300 U.S. 564, 57 S. Ct. 535 (U.S. Neb. 1937), it states "Deliberate material falsification under Oath constitutes crime of perjury," and crime is complete when a witness' statement has once been made." Cr. Code § 125, 18 U.S.C.A. § 231. Id. at 535, 539.  Oath administered to witness calls on him freely to disclose the truth in the first instance and not to put Court and parties to disadvantage, hindrance, and delay of ultimately extracting the truth by cross-examination, by extraneous investigation, or other collateral means. Id. at 539.

Mr. Montañez, contends that in Napue v. People of state of Ill., 360 U.S. 264, 79 S. Ct. 1173 (U.S. ILL. 1959),

10.

I was denied due process of law in violation of the 14th Amendment to the Federal Constitution because the accuser, Tracy Lee focht and all the witnesses the D.A. Called to testified, they falsely testified at my trial on November 15, 16, 17, 1999.

Mr. Montañez asserts that conviction obtained through use of false testimony, known to be such by representatives of the State, is a denial of due process, and there is also a denial of due process, when the State, though not soliciting false evidence, allows it to go uncorrected when it appears. U.S.C.A. Const. Amend. 14. 360 U.S. Id. at 264, 0 269.

Mr. Montañez asserts that Principle that a State may not knowingly use false evidence, including false testimony, to obtain a tainted conviction, implicit in any concept of ordered liberty, does not cease to apply merely because the false testimony goes only to the credibility of the witness. U.S.C.A. Const. Amend. 14. Id. at 360 U.S. 264, 0 269-70.

Mr. Montañez asserts that the United States Supreme Court has the duty to make its own independent examination of the record to determine facts when federal constitutional deprivations are alleged. Id. at 360 U.S. 264, 271. In cases in which there is a claim of denial of rights under the federal Constitution, the United States Supreme Court is not bound by factual conclusions of lower Courts, but will re-examine

11.

the evidentiary basis on which those conclusions are founded. Id. at at 360 U.S. 264, 271.

Mr. Montañez asserts that in U.S. ex rel. Washington v. Page, 981 F. Supp. 1097 (N.D. ILL. 1997), it states "Perjury is committed when witness gives false testimony concerning material matter with willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory, Id. at 981 F. Supp. 1097, 1100.

Mr. Montañez contends that the burden is on me to show that state knowingly used false testimony to obtain conviction. 28 U.S.C.A. § 2254. Id. at 981 F. Supp. 1097, 1100. So for the D.A. to state that the testimonial evidence presented at trial, which is false and they all comitted perjury, that I failed to raise a federal question, "She doesn't even known what planet she lives on", because I do, and have raised a federal questions. See petitioner's memorandum of facts pgs. 15-71. See also (Respondents' Appx. 29) the docket sheet NO. 2 of 70 pages, where the racist Mark C. Baldwin and the racist clerk of court James P. Troutman deleted the names of all the witnesses that falsely testified at my trial, Justin Earl Focht; Shelly Leaman; Robert Leaman; Jack Singerling Jr.; Nicholas Hine; Ranae M. Houtz; James Miller; Joseph M. Holleran. I was convicted innocent and now the D.A. is trying to deceive the federal Judges.

12.

Mr. Montanez contends that in <u>Jacobs v. Scott</u>, 513 U.S. 1067, 115 S.Ct. 711, 712 (U.S. 1995), it states "Almost 60 years ago, We recognized that a prosecutor's knowing presentation of false testimony is "inconsistent with the rudimentary demands of justice."" See <u>Mooney v. Holohan</u>, 294 U.S. 103, 112, 55 S.Ct. 340, 342, 79 L.Ed. 791 (1935). It further states "We have refined this principle over the years, finding a due process violation when a prosecutor fails to correct testimony he knows to be false, see <u>Alcorta v. Texas</u>, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed. 2d 9 (1957), even when the falsehood box in the testimony goes to the witness' credibility, see <u>Napue v. Illinois</u>, 360 U.S. 264 79 S.Ct. 1173, 3 L.Ed. 2d 1217 (1959). See also <u>Giglio v. United States</u>, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed. 2d 104 (1972)(new trial required when Government witness testified falsely on matters relating to credibility and the prosecutor who served as trial counsel should have been aware of the falsehood). In my case the D.A. Michael Stackow, and Mark C. Baldwin knew, and knows that the accuser tracy lee focht was lying even before trial. Why you think the D.A. Michael stackow, my racist court appointed counsel and Det. James Kellett did not want to give me the statements the accuser made on the first day of my arrest. I have even filed motions, and have send a letter to Mark C. Balwin requesting a copy of the accuser's statement and he denied my request, and the racist Lieberman entered an order denying me discovery. See (Resp. Appx. 19a, 37a, 38a, "Pro se letter

13.

addressed to District Attorney Mark Balwin, on 6-20-06.)

Mr. Montanez asserts that In Durley V. Mayo, 351 U.S. 277, 76 S.ct. 806, 100 L. Ed. 1178 (1956), the court granted Certiorari to consider whether due process was offended by a Conviction which was later alleged to rest upon perjured testimony, despite the fact that the prosecutor did not kow of the testimony's falsity at trial. Although the court ultimately held that jurisdiction was lacking, and disposed of the case on that basis, four Justices would have reached the merits. Writing for the dissenters, Justice Douglas would have found a "Clear" due process violation, "It is well settled that to obtain a Conviction by the use of testimony known by the prosecution to be perjured offends due process, see Mooney v. Holohan, 294 u.s. 103 [55 S. Ct. 340]; Pyle V. Kansas, 317 U.S. 213 [63 S. Ct. 177, 87 L. Ed. 214]. While the petition did not allege that the prosecution knew that petitioner's Codefendants were lying they implicated petitioner, the State now knows that the testimony of the only witnesses against petitioner was false. No competent evidence remains to support the Conviction. Deprivation of a hearing under these circumstances amount in the Justice's Opinion to a denial of due process of law." Id. at 351 U.S. 277, 290-91, 76 S.ct. 806, 814. See also Sanders V. Sullivan, 863 F. 2d 218 (C.A. 2 1988); Cf. Hysler V. Florida, 315. U.S. 411, 413, 62 S. Ct. 688, 690, 86 L. Ed. 932 (1942) ("Mere recantation of testimony" does not justify voiding a Conviction on due process grounds). In my Case Judge Harvey Bartle III, The Judge, D.A., My Court appointed

14.

attorney, the detective, and Mark C. Baldwin knew that the accuser tracy Lee focht was and is lying but they all conspired with her because she is a White Caucasian Woman, and I am a Hispanic Puerto Rican, thats what this case boils down to, I was convicted because my race and poor status. If I had money or took the witness stand, I would of never got convicted of nothing, because the truth prevails over lies.

Mr. Montañez contends that I did not have a fair trial. I am entitle as a law abiding citizen, to a fair trial in America. I assert that in <u>Murchison, In re</u>, 349 U.S. 133, 75 S.Ct. 623, (U.S. Mich. 1955), Mr. Justice BLACK delivered the Opinion of the Court, and stated "A fair trial in a fair tribunal is a basic requirement of due process, and requires an absence of actual bias in trial of cases". Id. at 133,136. He further stated, "No man can be a judge in his own case, <u>and no man is permitted to try cases where he has an interest in the outcome</u>". Id. at 133,136. Also see (Pet's. Mem. pgs. 15-71) and review how racist, evil, criminal, Judge Stephen B. Lieberman, Jr. was bias, partial, and criminal, and conspired with the D.A., my attorney to convict a innocent Man even doe they knew from the begining that the accuser was lying. Justice Black further states, "The interest which will disqualify a man from trying a case depends on circumstances and relationships. Id. at 349 U.S. 133,136. The Det. Kellett was and is a friend of Lieberman, Jr. He was not suppose to tryed the case.

15.

Justice Black further states, "To perform its high function in the best way, justice must satisfy the appearance of justice". Id. at 349 U.S. 133, 136. Honorable Judge Harvey Bartle III if you read every page on my memorandum of facts in support of my Petition for a Writ of Habeas Corpus Pg. 23-71, you would see that a great injustice have been done to me. All my claims for relief in my petition for a Writ of Habeas Corpus have merit for relief. Justice Black further stated, "A defendant's right to examine and cross-examine witnesses is too essential to a fair trial to have that right jeopardize by permitting state to have benefit of a judge's personal Knowledge while denying defendant effective opportunity to cross-examine". Id. at 349 U.S. 133, 138-39. Judge Harvey Bartle III if you read my (Mem. of facts Pg. 23-67) you will see that the Judge Lieberman, Jr., acted like a prosecutor, and stop my attorney at one point from cross-examining the accuser effectively.

    Mr. Montañez asserts that in <u>Adamson v. People of State of California</u>, 332 U.S. 46, 67 S.Ct. 1672 (U.S.Cal. 1947), it states, "A right to a fair trial is protected by due process clause of Fourteenth Amendment", U.S.C.A. Const. Amend. 14. Id. at 332 U.S. 46, 53, 54. In <u>Lyons v. State of Okl.</u>, 322 U.S. 596, 64 S.Ct. 1208, (U.S.Okla. 1944), "The Fourteenth Amendment is a Protection against criminal trials in state courts conducted in a manner that amount to a disregard of that fundamental

16.

fairness essential to the very concept of justice and in a way that necessarily prevents a fair trial. U.S.C.A. Const. Amend. 14. Id. at 322 U.S. 596, 605. See also <u>Lisenba v. People of State of California</u>, 314 U.S. 219, 237-38, 62 S.Ct. 280, 290, (U.S. Cal. 1941). See also Snyder v. Com. of Mass, 291 U.S. 97, 54 S.Ct. 330, 332 (U.S. Mass. 1934).

Mr. Montañez asserts that in <u>Marshall v. Jerrico</u>, 446 U.S. 238, 100 S.Ct. 1610 (U.S. Dist. Col. 1980), Justice Marshall stated, "The due process clause entitle a person to an impartial and disinterested tribunal in both civil and criminal cases." U.S.C.A. Const. Amend. 14. Id. at 238, 242-43.

Mr. Montañez asserts that in <u>Estelle v. Williams</u>, 425 U.S. 501, 96 S.Ct. 1691 (U.S. Tex. 1976), Mr. Chief Justice Burger stated, "Presumption of innocence, although not articulated in Constitution, is basic component of fair trial under our system of criminal justice." Id. at 425 U.S. 501, 503-504.

Mr. Montañez asserts that in <u>Bracy v. Gramley</u>, 520 U.S. 899, 117 S.Ct. 1793 (U.S. ILL. 1997), Justice REHNQUIST stated, "Constitutional floor established by Due Process Clause of Fourteenth Amendment requires fair trial in fair tribunal before judge with no actual bias against defendant or interest in outcome of his particular case." U.S.C.A. Const Amend. 14. Id. at 520 U.S. 899, 904-905.

Mr. Montañez asserts that in <u>Argersinger v. Hamlin</u>, 407 U.S. 25, 92 S.Ct. 2006 (U.S. Fla. 1972), Justice Douglas stated, "With respect to rights of public trial, jury trial,

17.

Confrontation and Compulsory process and right to be informed of nature and cause of accusation, Sixth Amendment, by reason of Fourteenth Amendment, is applicable to the states." U.S.C.A. Const. Amends. 6.14. Id. at 407 U.S. 25, 27-30. He further stated, "Sixth Amendment extended right to counsel beyond its common-Law dimensions. U.S.C.A. Const. Amend. 6. Id. at 407 U.S. 25, 30-37.

Mr. Montañez asserts that on my memorandum of facts Pg. 23-67, I had a bias, Partial trial Judge, I had an Court appointed attorney that was ineffective therefore I had a unfair trial full with racial, discrimination conspiracy by Judge Lieberman, Jr., John T. Adams, Det. James Kellett, Michael Stuckow. I was deprived of a fair trial, public trial, Effective Assistance of Counsel, and I was denied the complete discovery.

Mr. Montañez asserts that the D.A. Witheld favorable evidence to my acquittal and therefore comitted a Brady Violation. I assert that in California v. Trombetta, 467 U.S. 479, 104 S. Ct. 2528 (U.S. Cal. 1484), Justice Marshall stated, "Due Process clause of the Fourteenth Amendment requires state to disclose to criminal defendants favorable evidence that is material either to guilt or to punishment." U.S.C.A. Const. Amend. 14. Id. at 467 U.S. 479, 480-484. He further stated, "Under due Process clause of Fourteenth Amendment, criminal prosecutions must comport with prevailing notions of fundamental fairness." U.S.C.A. Const. Amend. 14. Id. at 467 U.S. 479, 485.

18.

He further stated, "Defendant has constitutionally protected privilege to request and obtain from prosecution evidence that is either material to guilt of defendant or relevant to punishment to be imposed." Id. at 467 U.S. 479, 485-488. He further stated, "Even in absence of specific request, Prosecution has constitutional duty to turn over exculpatory evidence that Would raise reasonable doubt about defendant's guilt." Id. at 467 U.S. 485-488.

Mr. Montañez asserts that the accuser's statements exonerate me from all false accusations. Also the 911 tape also shows reasonable doubt toward my guilt. Also other Police reports that were never giving to me were exculpatory evidence. The criminal record of Tracy Sands.

Mr. Montañez asserts that in _Kyles v. Whitley_, 514 U.S. 419, 115 S. Ct. 155, (U.S. La. 1995), Justice SOUTER stated, "Suppression by prosecution of evidence favorable to defendant upon request violates due process, where evidence is material either to guilt or punishment, irrespective of good faith or bad faith of prosecution." U.S.C.A. Const. Amends. 5/14. Id. at 514 U.S. 419, 432-434. He further states, "Defendant's failure to request favorable evidence does not leave government free of all obligation to disclose such evidence to defendant, under Brady, U.S.C.A. Const. Amends. 5/14. Id. at 514 U.S. 419, 432-434. He further stated, "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict

19.

Worthy of confidence. A "reasonable probability" of a different result is accordingly shown when the government's evidentiary suppression "undermines confidence in the outcome of the trial." Citing United States v. Bagley, 473 U.S. 667, 678, 105 S. Ct. 3375, 3381, 87 L. Ed. 2d 481 (1985), Id. at 514 U.S. 419, 433-34, 435-454,

     Mr. Montanez asserts that in <u>Strickler v. Greene</u>, 527 U.S. 263, 119 S. Ct. 1936 (U.S. Va 1999), <u>Justice STEVENS</u> stated, "The due process duty of the prosecution under Brady to disclose evidence favorable to defendant is applicable even though there has been no request by defendant, and encompasses impeachment evidence as well as exculpatory evidence. U.S.C.A. Const. Amends. 5.14. Id. at 527 U.S. 263, 280-281. He further stated, "Evidence is "material" for purposes of Brady if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id. at 527 U.S. 263, 280-281. He further stated, "There are three components of a true Brady violation: the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; the evidence must have been suppressed by the state, either willfully or inadvertently; and prejudice must have ensued." U.S.C.A. Const. Amend. 5, 14. Id. at 527 U.S. 263, 280-281. He further stated, "Brady's disclosure requirements extend to materials that, whatever their other characteristics, may be used to impeach a witness." Id. at 527 U.S. 263, 282-283. He further stated, "Under Brady an inadvertent nondisclosure has the

20.

Same impact on the fairness of the proceedings as deliberate concealment." Id. at 527 U.S. 263, 288-291.

Mr. Montañez asserts that the D.A. Suppresses or fails to disclose material exculpatory evidence, the good or bad faith of the prosecution is irrelevant; a due process violation occurs whenever Such evidence is withheld." See Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963); United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed. 2d 342 (1976). I assert that the D.A. Michael Stackow, and Mark C. Baldwin have conceal favorable evidence to exonerate me from all false accusations, false charges, unlawful conviction and sentence. Therefore I demand an evidentiary hearing, where further evidence would exonerate me from false accusations.

Mr. Montañez asserts that my right under the U.S. Const. Amend. 6., was violated at my jury trial. My Motion for a new trial is based on the 6th and 14th Amendment to the United States Constitution. Confrontation Clause, " In all Criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him face to face." I contend that the Supreme Court has said that the confrontation clause includes important rights to the individual, which the Court, "has been zealous to protect... from erosion." See Green v. McElroy, 360 U.S. 474, 497 (1959).

Mr. Montañez asserts that in Coy v. Iowa, 487 U.S. 1012, 108 S.Ct. 2798 (U.S. Iowa 1988), Justice SCALIA stated, "Confrontation clause provides criminal defendant right

21

to "Confront" face-to-face witnesses giving evidence against him at trial; such confrontation helps to insure integrity of fact-finding process by making it more difficult for witness to fabricate testimony". U.S.C.A. Const. Amend. 6. Id. at 487 U.S. 1012, 1014-1022,

Mr. Montanez asserts that in <u>Barber v. Page</u>, 390 U.S. 719, 88 S.ct. 1318 (U.S. Okla. 1968), Justice Marshall stated, "Primary object of the confrontation clause of Sixth Amendment was to prevent depositions or exparte affidavit being used against prisoner in lieu of personal examination and cross-examenation in which accused has opportunity to test recollection and sift conscience of witnesses and to compel him to stand face to face with jury in order that may look at him and judge, by his demeanor and manner in which he gives his testimony, whether he is worthy of belief". U.S.C.A. Const. Amend. 6. Id. at 390 U.S. 719, 720-723. He further stated, "Right of confrontation and cross-examination is essential and fundamental requirement for fair criminal trial". U.S.C.A. Const. Amend. 6. Id. at 390 U.S. 719, 721-723. I assert that I was deprived at my jury trial of my 6th and 14th Amendment rights to be confronted with witnesses against me. U.S.C.A. Const. Amends. 6, 14. He further stated, "Right to confrontation is basically a trial right including both opportunity to cross-examine and occasion for jury to weigh demeanor of witnesses. Id. at 390 U.S. 719, 727-26.

Mr. Montanez asserts that in <u>Brookhart v. Janis</u>,

22

384 U.S. 1, 86 S.Ct. 1245, (U.S. Ohio 1966), Justice BLACK stated, "Denial of defendant's right of cross-examination without waiver, would be constitutional error, and no amount of showing of want of prejudice would cure it." U.S.C.A. Const. Amend. 6, Id. at 384 U.S. 1, 3-4. He further stated, "Supreme Court is duty bound to make independent examination of evidence in record when constitutional rights turn on resolution of factual dispute." Id. at 384 U.S. 1, 4-7.

   Mr. Montañez contends that I did not waive my constitutional right to confront all false witnesses against me at my jury trial. If you read the trial transcript Pgs. 305-316, you will see that I was asserting my constitutional right to confront the witnesses against me and the false evidence, but the racist, criminal Judge Lieberman, Jr., did not let me defend myself infront of the Juries, thats why I was convicted innocent.

   Mr. Montañez asserts that when constitutional rights turn on the resolution of a factual dispute the United States Supreme Court is duty bound to make an independent examination of the evidence in the record. See, e.g., Edwards v. State of South Carolina, 372 U.S. 229, 235, 83 S.Ct. 680, 683, 9 L.Ed. 2d 697; Blackburn v. State of Alabama, 361 U.S. 199, 205, n.5. 80 S.Ct. 274, 279, 4 L.Ed. 2d. 242.

   Mr. Montañez asserts that in Murchison, In re, 349

23.

U.S. 133, 75 S.Ct. 623 (U.S. Mich.1955), Justice BLACK stated,
"The Court relies heavily on Tumey v. State of Ohio,
273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749. There the Supreme Court
held that it deprives a defendant of due Process
to subject his liberty or Property to the judgment of
a Court, the judge of which has a direct, Personal,
Substantial, Pecuniary interest in reaching a conclusion
against him in his case." Id., 273 U.S. 510, 523, 47 S.Ct.
437, 441. Judge Lieberman, Jr., is a good friend of the
racist detective that filed (6) false, fabricated charges
against me. Det. James Kellett. Id. at 349 U.S. 133, 142.
The racist Criminal Judge Lieberman, Jr. consider himself
a part of the prosecution.
      Mr. Montañez asserts that in Chambers v.
Mississippi, 410 U.S. 284, 93 S.Ct. 1038, (U.S.Miss.1973), Justice
Powell stated, "The right of an accused in a Criminal trial
to due process is, in essence, the right to a fair opportunity
to defend against the State's accusations." U.S.C.A.
Const. Amend. 14. Id. at 410 U.S. 284, 294-95. He further
stated, "Right to confront and cross-examine witnesses
and to call witness in one's own behalf are essential to
due process." U.S.C.A. Const. Amend. 14. Id. at 410 U.S.
284, 294-95. He further stated, "The right of cross-
examination is implicit in the Constitutional right
of Confrontation." Id. at 410 U.S. 284, 295-296. He further
stated, "Right to confront and to cross-examine is not
absolute and may in appropriate cases bow to accomodate

24.

other legitimate interest in the criminal trial process, but its denial or significant diminution calls into question the ultimate integrity of the fact-finding process and requires that the competing interest be closely examined. Id. at 410 U.S. 284, 295-96, 97.

And lastly Mr. Montañez asserts that in <u>Pointer v. Texas</u>, 380 U.S. 400, 85 S.Ct. 1065 (U.S. Tex. 1965), Justice BLACK stated, "that the Sixth Amendment's guarantee of right of an accused to confront the witnesses against him is a fundamental right and is made <u>obligatory</u> on the <u>States</u> by the <u>Fourteenth</u> Amendment. Id. at 380 U.S. 400, 408, and 408-414, (Foot Notes encluded). FN's 1-4 & 1-7.

Mr. Montañez asserts that in my memorandum of facts in support of my Petition for a Writ of Habeas Corpus Pgs. 15-67, you will read how I would of confronted all the false witnesses and false/fabricated evidences.

Mr. Montañez reasserts again that I am a innocent Man in custody pursuant to the unconstitutional judgment of Pennsylvania Common Pleas Courthouse, Berks County, Reading, PA, in violation of the Constitution or laws or treaties of the United States, where there is an absence of available State corrective process, and circumstances exist that render such process ineffective to protect the rights of this humble Petitioner, where the results in the State Courts decision that was contrary to, or involved an unreasonable application of, clearly established Federal laws, as determined by the Supreme Court of the United States

25.

and my Conviction and sentence is a violation of the
8ᵗʰ Amendment, Cruel and unusual punishment. The only
remedy I have is this Petition for a Writ of Habeas
Corpus, Pursuant to 28 U.S.C. § 2254, and §§ 2241,
2242, 2243.

Mr. Montañez asserts that I reassert the
Case law Citations on the Petition to Expedite the
Report and recommendation of the U.S. Magistrate Judge
David R. Strawbridge, and reassert's that the trial
and sentencing Court lost its jurisdiction to adjudicate
my Case once it did not provide me with Effective
Assistance of Counsel, and Therefore it did not have
Jurisdiction to enter judgment on my illegal/unlawful
Conviction and Sentence. A claim of Subject Matter
Jurisdiction Can never be Confered, Waived or
defaulted. See my Petition for a Writ of Habeas Corpus
PGS. 1-19, and my Memorandum of facts pages 1-71 for
your review and disposition of my case. Also Consider
this Citations for the Subject Matter jurisdiction claim.
McMann v. Richarson, 397 U.S. 759, 90 S.Ct. 1141 (U.S.N.Y. 1970);
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, (U.S.
Fla. 1984); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019,
(U.S. Ga. 1938); U.S. v. Cotton, 535 U.S. 625, 122 S.ct. 1781 (U.S.
2002); House v. Bell, 126 S.ct. 2064, (U.S. 2006), see Petition to
Expedite (R&R of the M.J.), and also review Memorandum of
facts PGs. 23-71, for my ineffective of assistance of
Counsel. Not to address my claims for relief in my
26.

Petition for a Writ of Habeas Corpus Pgs.9, it would be a egregious Miscarriage of Justice.

Mr. Montanez asserts that I have not had a adequate/effective due process hearing on my claims for relief, and I demand this Honorable Court to have the U.S. Marshalls excort me to your Court to plead my case face to face with you Honorable Harvey Bartle III, as soon as Possible.

Mr. Montañez objects to the Report and recommendation of Judge David R. Strawbridge, Pgs. 1-14, and request you Honorable Bartle III to hold a evidentiary hearing to receive further evidence, and after the hearing immediate discharge from custody, or in the alternative a New Trial within 30 days. Mr. Montañez object's to the Memorandum of law from the D.A. Pg. 1-7 Pgs.

## IN Conclusion

Mr. Montañez asserts that because my Petition for Writ of Habeas Corpus With my memorandum of facts Was filed in this Court in a timely manner, and because the only exhausted claim does raise a federal question, and because my remaining claims do not have to be exhausted When the delay of 6 yrs and 8 months inordinate delay in ruling on my Motion for a New Trial renders State Corrective Process ineffective, I demand that this Honorable Court hold an evidentiary hearing Without

delay, and after the evidentiary hearing, grant me immediate discharge from the unconstitutional custody and/or in the alternative a new trial within 30 days.

Mr. Montañez affirm under penalty of perjury under United States laws that the facts written on this written objections are true and correct pursuant to 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Respectfully Submitted

Date: 10-28-07     By: Domingo Colón Montañez

CC: Filed, D.C.M.     Domingo Colón Montañez
ED-3826, Pro Se Petitioner
SCI-Fayette
50 Overlook Drive, Box 9999
LaBelle, PA 15450-0999

28.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Domingo Colón Montañez   :
          Petitioner   :
               FILED   :   CIVIL ACTION NO.
    vs,   :   2:07-CV-1200
             Clerk   :   Evidentiary
          By   :
Harry Edward Wilson, ET AL.,  : Hearing demanded
         Respondents   :

## Certificate of Service

    I, Domingo Colón Montañez, Pro se Petitioner, hereby certify that I have served a copy of the attached Petitioner's Written Objections, by mailing a copy to Alisa R. Hobart, A.D.A. Berks County District Attorney's Office, 633 Court Street, service center - 5th Floor Reading, PA 19601 by first class mail, postage prepaid. This service satifies the Prison Mail Box Rule, Burn v. Morton 134 F. 3d 109 (3d cir. 1998).

Date: 10-28-07      By: _Domingo Colón Montañez_

CC:Filed,D.C.M.        Domingo Colón Montañez
                ED-3826, Pro se Petitioner
                SCI-Fayette
                50 Overlook Drive, Box 9999
                LaBelle, PA 15450-0499

29.

IN THE UNITED STATES DISTRICT COURT
For the Eastern District of Pennsylvania

Domingo Colón Montañez,
                    Petitioner

                                    CIVIL ACTION NO.
        vs.                         2:07-cv-1200
                                    Evidentiary
Harry Edward Wilson, et al.;        Hearing demanded
                    Respondents

## ORDER

AND NOW, this ____ day of _____, 2007,
Upon careful and independent Consideration of
the Petition for a Writ of Habeas Corpus, the
Memorandum of facts, the response, and Petitioner's
reply, after review of the Report and Recommendation
of the United States Magistrate Judge David R.
Strawbridge, and Petitioner's Written Objections
against the Report and Recommendation of the
U.S. Magistrate, it is ORDERED that:
    A evidentiary Hearing would be held On ___ day
of _____ 2007, at _____ Am.

                            BY THE COURT

CC: Filed, D.C.M.
                            HARVEY BARTIE III, C.J.